UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN DEATLEY, an individual,

        Plaintiff,

        v.

CHRIS HOWARD, an individual; HOLLAND &
KNIGHT, a Florida limited liability partnership;
and RICHARD PRICE, P.C., an individual,

        Defendants.

CASE NO. C07-1145RSM

ORDER ON DEFENDANTS' MOTION
TO TRANSFER

        This matter is before the Court for consideration of a motion by defendants to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Washington, where related litigation is pending. Dkt. # 5. Both this case and the Eastern District case arise from an underlying action (also in that district) in which defendants represented Mr. DeAtley. The subject of the dispute in both this case and the one pending in the Eastern District is the legal fees owed to defendants by Mr. DeAtley for their work in the underlying litigation. Although plaintiff has opposed the motion to transfer, the Court shall, for the reasons which follow, GRANT the motion to transfer.

BACKGROUND

        Plaintiff filed this action in King County Superior Court on July 12, 2007, asserting claims for disgorgement, bonding over, violation of the Washington Consumer Protection Act, as well as a federal

ORDER ON MOTION TO TRANSFER - 1

claim under the civil RICO statute, 18 U.S.C. § 1964.[1]    The case was removed to this Court on July 20, 2007, and plaintiff's motion for remand has been denied.

The case arises from a dispute over attorneys' fees incurred in underlying litigation in the United States District Court for the Eastern District of Washington in a case entitled *Alan DeAtley v. Albert DeAtley et al.*, Cause No. CV-04-3082-JLQ.   Defendants Chris Howard, of Holland & Knight, LLP, and Richard Price represented plaintiff in that action until November 16, 2005, when they were permitted to withdraw by Order of the court.  Cause No. CV-04-3082-JLQ, Dkt. # 171.  Holland & Knight filed a Notice of Attorney's Claim of Lien in that case on May 4, 2006.  *Id.*, Dkt. # 229.  The case settled, and was dismissed with prejudice on August 9, 2006.  *Id.,* Dkt. # 247.  The Order of Dismissal specifically stated that dismissal did not affect the pending attorney lien claims.  *Id.*   Richard Price subsequently moved to reopen the case, and to compel payment of his attorney's fees.  *Id.*, Dkt. ## 269, 271.   Plaintiff Alan DeAtley filed a motion to establish bond, pursuant to RCW 60.40.030(1), until the matter of attorneys' fees (which he disputed) could be determined.  *Id.*, Dkt. # 287.   On September 11, 2006, the Court denied all post-dismissal motions as moot.  *Id.*, Dkt. # 296.

Two weeks later, on September 26, 2006, Holland & Knight filed a new action in the Eastern District, asserting claims of breach of contract, summary determination of attorneys' fees, and breach of the settlement agreement.  *Holland & Knight, LLP, v. Alan DeAtley, et al.*, Cause No. CV-06-278-JLQ. Richard Price filed a similar action.  *Price v. DeAtley, et al.*, Cause No. CV-06-309-JLQ.  Both cases (now consolidated) name as defendants Mr. DeAtley and the Spokane law firm of Paine, Hamblen, Coffin, Brook and Miller, as stakeholder of funds from the settlement of Cause No. CV-04-3082-JLQ.   Upon motion of the plaintiffs, Paine, Hamblen was directed to deposit those funds with the court.  *Id.*, Dkt. # 48.

The plaintiffs had difficulty serving Mr. DeAtley, and were eventually granted leave to serve him by mail sent to his attorneys in the underlying lawsuit.  CV-06-278-JLQ, Dkt. # 54.   On July 10, 2007, Mr. DeAtley appeared and filed a motion to dismiss for lack of jurisdiction, alleging a lack of diversity among the parties.  *Id.*, Dkt. # 57.  The motion was denied.   Plaintiff DeAtley filed this action in King County Superior Court two days after appearing in the Eastern District action.

---

[1]The civil RICO claim was voluntarily dismissed by plaintiff on July 30, 2007.  Dkt. # 10.

DISCUSSION

Defendants have moved to transfer this action to the Eastern District pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought."   The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960).   The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986).   Section 1404(a) is not, however, simply a codification of the common law doctrine.   In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens.*  *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice.  § 1404(a).  There is no question here that the action could have been brought in Eastern District; the parties were already before the Court on the other matter, the trust *res* is present there, and all actions upon which the complaint is based occurred there in the underlying litigation.   In particular, venue for the RICO claim was proper in the Eastern District of Washington.

The decision to transfer, then, turns on whether the Court finds such transfer to be proper under the "convenience of parties and witnesses" and "interest of justice" standards.   The burden is on defendant to demonstrate that the transfer is warranted.  *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D.Cal. 2005).

**1.  Convenience of the parties.**

The general rule is that a plaintiff's choice of forum is accorded substantial weight.  *Decker*, 805 F. 2d at 843.  However, the deference due plaintiff's choice is greatly reduced where the plaintiff does not reside in the forum, or where the forum lacks a significant connection to the activities alleged in the

complaint. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D.Cal. 2001). Further, if there is any indication that a plaintiff's choice of venue is the result of forum-shopping, that choice will be accorded little deference. *Id.*

Here, plaintiff is a resident of Colorado, not of this district, so any deference due his choice of forum is greatly reduced. Further, this district has far less connection to the activities alleged in the complaint than does the Eastern District, where the underlying litigation occurred. Finally, it appears that plaintiff may be engaging in forum-shopping to avoid the unfavorable effects of rulings made by the Eastern District court, on his motion to dismiss, his counsel's application for leave to appear *pro hac vice*, and others.

As to the convenience of the parties, only one of them Chris Howard, resides in this district. Holland & Knight is a Florida law firm. Plaintiff resides in Colorado, and defendant Richard Price resides in the Eastern District. The parties are already before the court in the Eastern District, and, if not resident there, will need to travel there anyway. The Eastern District is closer to plaintiff's home in Colorado than is this district. Further, none of the attorneys representing the parties resides in this district. Plaintiff's counsel Leslie Powers resides in the Eastern District. Defendants' counsel resides in Portland, which is nearly equidistant from the courts of the two districts. Overall, then, the convenience of the parties factor thus favors transfer.

**2. <u>Convenience of the witnesses</u>.**

When considering the convenience to witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). The Court should consider not only how many witnesses each side may have, but also the relative importance of their testimony. *Id.*, citing *Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1335-36 (9th Cir. 1984) (a *forum non conveniens* case). The parties here have not identified their non-party witnesses or argued on this factor, but it appears that the witnesses will be the parties themselves. The non-party witnesses, if any, will likely be the same in this action as in the action already in the Eastern District, so it will be more convenient for them to appear there. This factor also favors transfer.

**3. <u>Interest of Justice</u>.**

ORDER ON MOTION TO TRANSFER - 4

The interest of justice is the most important factor of all. *Nelson v. Master Lease Corporation*, 759 F. Supp. 1397, 1402 (D.Minn. 1991); *citing Medtronic, Inc., v. American Optical Corporation*, 337 F. Supp. 490, 495-97 (D.Minn. 1971). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the University of California v. Eli Lilly and Company*, 119 F. 3d 1559, 1565 (D.C.Cir. 1997). In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc., v. Midwhey Powder Co*., 883 F. 2d 1286, 1293 (9th Cir. 1989). For the reasons made obvious in the recitation of the case history above, these factors strongly favor the Eastern District forum.

Moreover, there is a serious risk of inconsistent ruling were these two actions to be tried in the different courts. Defendants here have asserted as counter-claims two of the three claims that are currently being litigated in the Eastern District case. That case was filed first and should be given priority in considerations of venue. It is in the interests of both justice and of judicial economy to have all related issues tried by the court which is most familiar with them.[2]

CONCLUSION

The Court has considered the factors of the convenience of parties and witnesses, and the interest of justice, and found that all of them favor transfer. Accordingly, defendant's § 1404(a) motion to transfer is GRANTED, and this case is TRANSFERRED to the United States District Court for the Eastern District of Washington.

---

[2]On August 15, 2007, after the August 10 noting date for the Motion to Transfer, plaintiff filed an "Unsworn Declaration of Jennie Deden Behles" [plaintiff's *pro hac vice* counsel] with an attached Notice of Appeal filed August 9 in the Eastern District case. Plaintiff would apparently like this Court to consider the fact that he has filed a Notice of Appeal in that case as a factor weighing against transfer. However, on August 16, 2007, the court in the Eastern District issued an Order finding that the Order which Mr. DeAtley sought to appeal was not a final decision, and therefore not appealable. CV-06-278-JLQ, Dkt. # 118. The court ordered that the case would proceed as scheduled, and directed the parties to file memoranda addressing the question as to whether the court should certify the Notice of Appeal as frivolous. *Id*. Those memoranda are net yet due. However, this Court declines to consider the appeal filed in the Eastern District case as a factor to be weighed in considering the transfer.

ORDER ON MOTION TO TRANSFER - 5

1    The Clerk shall close the file and notify the Clerk of Court in that district.  Plaintiff's pending

2  motion to strike (Dkt. # 21) is DENIED as moot.[3]

3    DATED this 27 Day of August 2007.

4

5    RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [3]The motion to strike addresses a letter written to the Court by defendants,  advising the Court
26  that plaintiff's counsel's application to appear *pro hac vice* had been denied by the court in the Eastern
     District, and suggesting that a ruling on her application to appear *pro hac vice* in this Court be deferred
27  until the motion to transfer had been decided.  However, by the time the Court received this letter, the
     Clerk of Court had already granted counsel's *pro hac vice* application.  Dkt. # 19.  However, that
28  admission has force and effect in this Court only.   Upon transfer of the case, the ruling by the court of
     the Eastern District will control.

ORDER ON MOTION TO TRANSFER - 6