UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN DEATLEY, an individual,

    Plaintiff,

v.

CHRIS HOWARD, et al.,

    Defendants.

CASE NO. C07-1145RSM

ORDER ON MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration of the Court's August 22, 2007 Order denying his motion for remand. Dkt. ## 32, 35. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct defendants to respond to the motion.

Plaintiff asserts that the Court erred in ruling on the motion on September 22, 2007, "before the noting date as set forth in Local Rule 7(d)(3)." Motion for Reconsideration, p. 2. However, plaintiff failed to comply with that local rule, which requires that the noting date be included in the caption of the motion. Local Rule CR 7(b)(1). *See*, Dkt. # 14, p. 1. This is a mandatory requirement, regardless of the fact that the noting date may be indicated on the docket sheet. Therefore, the Court properly treated the motion as an un-noted motion, and ruled upon it as soon as the response was filed. The Court has

ORDER ON MOTION FOR
RECONSIDERATION - 1

...

reviewed plaintiff's reply which was filed subsequently, and finds that nothing therein would have caused the Court to alter the Order denying remand. Dkt. # 33. Specifically, the Court rejects plaintiff's argument that because the federal claim was voluntarily dismissed by plaintiff, there was no basis for federal question jurisdiction. This argument was rejected, with explanation, in the Court's Order denying remand.

Plaintiff also asserts that the Court erred in denying remand because removal was defective, in that all defendants did not join. Plaintiff is incorrect as to both the facts and the law. An unserved defendant need not join in a notice of removal. *See, Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 n.1 (9th Cir. 1988). Nevertheless, although it was unnecessary for him to do so, the unserved defendant David Price did in fact join. As shown by the sworn declaration of counsel, Mr. Price had not been served but joined in the removal. Declaration of Seth Row, Dkt. # 3. Under 28 U.S.C. § 1446(a), defendants needed only to explain the absence of the non-joining defendant. *Prize Frize, Inc., v. Matrix (U.S.), Inc.*, 167 F. 3d 1261, 1266 (9th Cir. 1999); *overruled on other grounds, Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 670 (9th Cir. 2006).

Plaintiff's remaining bases asserted for reconsideration amount to re-argument on the matter of the Court's supplemental jurisdiction under 28 U.S.C. § 1367(c). The Court declines to reconsider this matter.

Accordingly, plaintiff's motion for reconsideration is DENIED.

DATED this 6th day of September 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 2